UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA BUCHANAN,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | Civil Action No. 1:16-cv-04385-ODE-AJB |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION**

## I.  INTRODUCTION

Plaintiff Patricia Buchanan ("Buchanan") was terminated from her employment as a Flight Attendant by Defendant Delta Air Lines, Inc. ("Delta"). In this lawsuit, she alleges that Delta has stated that it terminated her for her misconduct, *i.e.*, she shared her Delta flight benefits with a travel companion who used those benefits for his or her business purposes in violation of Delta policy.

Buchanan alleges in her First Amended Complaint ("FAC") that Delta's termination of her employment violated the anti-discrimination and anti-retaliation provisions of the ADEA and that, while she was employed at-will, also amounted

1

to a breach of contract.  Pursuant to Fed. R. Civ. P. 12(b)(6), Delta has moved to dismiss Buchanan's FAC on the grounds that if fails to assert any facts that could plausibly state a cause of action.

For reasons set forth below, Buchanan's Response to Delta's Motion ("Response") fails to identify any facts in the FAC that could plausibly support a cause of action.  Accordingly, Delta respectfully requests that its motion be granted and that this case be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's ADEA Discrimination Claim Should Be Dismissed.

In its primary brief, Delta set forth law in this Court and from the Eleventh Circuit holding that, in order for Buchanan to survive Delta's motion to dismiss on her claim that she was terminated because of her age, she must allege facts in her FAC that could plausibly support a claim that her termination was caused by her age by: (1) identifying younger flight attendants who Delta concluded engaged in nearly identical misconduct as her whom Delta did not terminate; and (2) specific facts plausibly supporting a claim that the identified younger flight attendant's alleged conduct was nearly identical to hers.  Dkt. 7, pp. 9-13.  Buchanan's FAC contained no such necessary allegations.  In her Response, Buchanan fails to

address the controlling law cited by Delta and does not contend that her FAC can survive this motion under that law because it cannot.

Instead, Buchanan first argues incorrectly that Delta is contending that, to survive a motion to dismiss, Buchanan must allege facts establishing all the elements of a *prima facie* ADEA claim. That is not Delta's contention and that is not the holding of the cases cited by Delta. Instead, Delta's argument and the holdings of the controlling cases is that she must allege specific facts regarding a nearly identical younger Flight Attendant not terminated in order to allege facts sufficient to plausibly support a claim that her termination was caused by her age, rather than for some other reason. There is now no dispute that Buchanan's FAC does not allege such facts as required by the cases cited by Delta.

Buchanan next argues that she can state a claim of age discrimination by simply claiming that she was replaced by a younger Flight Attendant. However, as Delta set forth in its brief supporting its motion, the law is to the contrary.[1]

---

[1] Hale v. Mingledorff, 2014 U.S. Dist. LEXIS 171593 * 12 (N.D. Ga. Nov. 7, 2014)(Fuller, MJ), adopted, 2014 U.S. Dist. LEXIS 171293 (N.D. Ga. Dec. 10, 2014)(race discrimination plaintiff's claim he was replaced by a white person is not sufficient to state a cause of action, particularly where plaintiff had not sufficiently alleged facts to show that the employer failed to terminate similarly situated white employees for engaging in substantially similar conduct); Smith v. CH2M Hill, Inc., 2011 U.S. Dist. LEXIS 16073 * 15 (N.D. Ga. March 3, 2011 Vineyard MJ), adopted, (N.D. Ga. Sept. 11, 2011), affirmed in relevant part, 2013

Moreover, because she alleges that Delta does not hire a specific replacement to replace a terminated Flight Attendant, she admits that she could not even prove in this case that she was replaced by a younger Flight Attendant.

Finally, she alleges that she has alleged other facts that plausibly support her claim that her termination was caused by her age. As addressed in Delta's primary brief, she is again wrong. Her allegation that other Delta Flight Attendants have in the past filed EEOC Charges against Delta alleging their terminations for reasons unspecified in the FAC were due to their age is legally meaningless. Her allegation that she and another Flight Attendant speculate that the average age of Flight Attendant's has recently gotten younger is similarly immaterial. Such speculation comes with no factual allegations that Buchanan or the other Flight Attendant have age statistics on all Delta Flight Attendants. To the contrary, the only logical implication of the FAC's speculation here is that she has no such

---

U.S. App. LEXIS 11549 (11th Cir. June 5, 2013)(dismissing ADEA termination claim - allegation that plaintiff was replaced by a substantially younger person, without more, is not enough to survive a motion to dismiss); Green v. Savage of Ga., LLC, 2015 U.S. Dist. LEXIS 114139 * 10 (M.D. Ga. Aug. 27, 2015)(allegation that plaintiff was replaced by a younger person insufficient to state a claim of age discrimination); Eason v. Evans County Bd. Of Comm'rs, 2013 U.S. Dist. LEXIS 150085 at *7-9 (S.D. Ga. Oct. 17, 2013)(dismissing gender discrimination claim where plaintiff asserted he was replaced by a woman – "hiring a man after terminating a woman does not, absent more, make discrimination a more likely explanation.")

information and is merely engaging in speculation as to the ages of the infinitesimal percentage of the Delta's Flight Attendants she flew with in the months before her termination. Moreover, the average age of a Delta Flight Attendant has nothing to do with whether Buchanan was terminated because of her age. Indeed, even if her speculation were true, the most plausible explanation is that, like many employers, Delta is facing the impact of the retirement of the populous baby boom generation. Buchanan does not allege statistical facts showing Delta terminates more older flight attendants for misconduct – let alone the misconduct that Delta claims was the reason for Buchanan's termination –in any statistically significant way. Indeed, she admits that the average age of Delta's Flight Attendants could have become younger and may continue to do so simply because of voluntary retirements and hiring of the next generation of workers.[2] Buchannan's speculative allegations are the very kind held to be insufficient under Twombly/Iqbal.

Finally, Buchanan's allegations quoting published interviews of Delta's CEO, Ed Bastian (copies of which were properly filed with Delta's Motion) are

---

[2] That Buchannan was given an option to retire is legally meaningless – she was separated involuntarily and Delta allowed her to retire because she happened to be retirement eligible. The cases cited by Buchannan on this point are irrelevant as they are cases involving employers seeking to have employees voluntarily retire when there is no forced separation decision.

also legally meaningless. As set forth in Delta's brief supporting its motion (Dkt. 7-1. pp. 13-15), aside from the fact that there is no allegation that Mr. Bastian played any role in Buchanan's termination or any allegation that he has made any statement regarding the termination of any Flight Attendant, the quoted statements simply reflect the common conclusion that, by 2020, the aging of the population (which will include the retirement of the large baby boom generation) will cause a substantial percentage of employees and customers to be millennials (e.g., in their 20's, 30's and 40's). This statistical truism has nothing to do with age discrimination – let alone Buchannan's termination. Again, Buchanan admits in her FAC and in her Response, that Delta's average age may decline in the next few years because of voluntary retirements.

However, there is one aspect of Buchannan's FAC and Response that Delta submits does deserve the Court's attention. In her first Complaint in this case, Buchanan alleged that a Delta published article headline stated, "Delta commits to hire young American workers for 'First Job.'" In its motion to dismiss that Complaint, Delta pointed out that this allegation materially (and with no ellipses) misquoted the headline which actually read, "Delta to hire *100* young U.S. workers for 'First Job'" Dkt. 9, Exh. "B." Delta also referred the Court to the content of the article which addressed only that Delta had agreed to join a program created by

the U.S. Government to seek to hire some unemployed younger people into open entry level jobs (hence the headline stated only that Delta would hire "100" younger employees). Thus, the misquoting of the headline was material and, if included in the Complaint, the excised "100" qualifier in the headline would have rendered the allegation that this article is relevant to this case to be absurd.

Nonetheless, in her response to Delta's first motion to dismiss and in her FAC, Buchanan chose to twice again materially misquote the headline to the Court even after Delta pointed out that it had been misquoted. In its motion to dismiss the FAC, Delta correctly and understandably took Buchanan's counsel to task for intentionally and materially misstating the evidence again. Even so, in Buchanan's Response, her counsel again intentionally misquotes the headline and argued the headline is a basis to deny Delta's motion. It is obvious that Buchanan's Counsel realizes the strength of Delta's motion as he concluded he needed to materially misquote evidence to seek to rebut it. However, that is not a proper reason to seek to deceive the Court and this conduct by Buchannan's counsel should not be permitted in this Court.

### B. Buchanan's ADEA Retaliation Claim Should Be Dismissed.

In an effort to support her ADEA retaliation claim, Buchannan alleges that, on February 22, 2016 she sent an email that she claims amounted to ADEA

7

protected conduct to her supervisor (Colon) and that she was terminated on March 1, 2016.  However, she admits that she sent the email only *after* she was placed on suspension without pay and benefits for alleged misconduct that was the purported basis of her termination.  Moreover, as set forth in Delta's primary brief, in her post-suspension email to Colon, she asserted that she expected to be terminated because of her understanding that suspensions such as hers lead to termination at Delta.  Dkt. 9, Exh. "A."  In her email, she at most seeks to evade her expected termination by threatening legal action if she is terminated.  Id.  That her email did not change her expected termination is the exact opposite of an allegation supporting a claim that "but for" her email, she would not have been terminated. See University of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517, 2532 -2534 (2013)(heightened "but for" causation requirement in ADEA - otherwise, an employee who has reason to suspect that she is soon to be terminated may seek to forestall that lawful action by making an unfounded claim of discrimination and then, when the termination is imposed, claim retaliation for the complaint).

   Indeed, Delta cited and explained the holdings in cases in this very context – alleged protected conduct between a suspension and a termination for the same purported offense(s) -- where the courts held that this context prevented any

causation claim.  Dkt-9-1, pp. 18-20.  Buchanan does not address that law because it renders her claim to fail to plausibly support a retaliation claim.

In her Response, Buchanan points to an allegation that, after she sent her email to Colon of February 22 and before she was informed of her termination on March 1, Colon told her that "it was not going to be a serious matter and that she was not going to be fired."  Within her FAC, but strategically omitted from her Response, is Buchanan's allegation that, when Colon allegedly told her that she would not be terminated, he was being deceptive and that he knew she was to be terminated.  Dkt, 9, ¶ 59.  That is, Buchannan's allegation is that Colon told her that she would not be terminated when he knew that she was to be terminated so that Buchanan would not confer with an attorney before her termination meeting or thereafter.[3]  Thus, according to Buchannan, as Buchannan expressly predicted in

---

[3] This is an illogical allegation as there is no alleged facts supporting any reason why Buchannan conferring with an attorney would have had any impact on the termination decision or any allegation that Delta allows an employee's attorney to be present at a termination meeting.  Moreover, considering her premise that Delta knew she would be terminated at the terminated meeting, misleading her before the meeting to that effect would not logically prevent her from consulting with an attorney after the meeting when she learned she was terminated.  But for purposes of this motion, the importance of this allegation is that Buchannan is alleging that Colon knew that she was to be terminated and thus there is no allegation to rebut the only plausible conclusion from the alleged facts – that she was suspended for the alleged misconduct and recommended for termination, that recommendation was approved, and she was informed of that termination decision.

9

her February 22 email, her February 17 pre-email suspension led directly to her March 1 termination for the same alleged offense(s) such that logic prevents any possibility that the email could have had any impact – let alone a "but for" impact – on the termination decision.

Accordingly, Plaintiff's ADEA retaliation claim is properly dismissed.

### C. Buchanan's Breach Of Contract Should Be Dismissed.

In her Response, assuming Delta's travel privileges policies amount to a contract (and they do not), Buchanan does not deny and effectively admits that she has not alleged any violation of that "contract" by Delta, *i.e.*, she was denied no travel privileges she was entitled to under those policies. Instead, Buchanan now admits that this claim is simply a Georgia law claim by an at-will employee alleging breach of contract because she was terminated for a reason with which she does not agree. As set forth in Delta's primary brief and as is well known by this Court, such a claim fails as a matter of law. That she continues to argue otherwise in her Release only highlights that she does not feel that she needs to comply with Fed. R. Civ. P. 11.

### III. CONCLUSION

For the reasons set forth herein, Delta respectfully requests that this case be dismissed with prejudice.

                                                                               Respectfully submitted,

                                                                               <u>s/Thomas J. Munger</u>
                                                                               Georgia Bar No. 529609

MUNGER & STONE, LLP
999 Peachtree Street, N.E.
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
Facsimile: (404) 815-4687
E-mail:  tom.munger@mungerandstone.com

                                                                              Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1B

Respectfully submitted,

s/Thomas J. Munger
Georgia Bar No. 529609

MUNGER & STONE, LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
Facsimile: (404) 815-4687
E-mail:  tom.munger@mungerandstone.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICIA BUCHANAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**DELTA AIRLINES, INC.,**<br><br>Defendant. | **Civil Action No. 1:16-cv-04385-ODE-AJB** |

## CERTIFICATE OF SERVICE

This is to certify that I have this 27th day of February, 2017 served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to: John R. Olsen and Kenneth N. Winkler.

                                                s/Thomas J. Munger
                                                Georgia Bar No. 529609